# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Subpoena Issued to Beatrice A. Golomb* | CASE NO. 11CV383 JLS (RBB) |
| | **ORDER GRANTING MOTION TO QUASH THIRD PARTY SUBPOENA** |
| | (Doc. No. 1.) |

Presently before the Court is Movant Dr. Beatrice A. Golomb's motion to quash third party subpoena. (Doc. No. 1 (Mot. to Quash).) For the reasons stated below, the motion to quash third party subpoena is **GRANTED**.

The underlying action is a suit by Plaintiff Rose E. Kuchinsky against Pfizer Incorporated, asserting claims of injury caused by Lipitor, a statin drug produced by Pfizer. Dr. Golomb is a professor at the University of California at San Diego (UCSD) who researches, among other things, the risks and benefits of statin drugs and biases in drug trials and studies.

Plaintiff has requested Dr. Golomb to serve as an expert witness on several occasions. Dr. Golomb has declined every time, citing her wish to keep her research unbiased. Finally on February 16, 2011, Plaintiff served Dr. Golomb with a Third Party Subpoena to Testify at a Deposition in a Civil Action (Third Party Subpoena). The subpoena requires Dr. Golomb to testify at a deposition in San Diego on February 24, 2011, at 10:00 a.m. (Exhibit C.) It also requires Dr. Golomb to produce a significant volume of documents, including:

1) All publications and articles you have authored with regard to statin drugs, any statin study, and any reporting and other biases in drug studies and industry-sponsored drug trials.

2) Any and all documents relation to any and all communications and meetings that you have had with Pfizer Inc. with regard to Lipitor or any other statin drug.

3) Any and all documents relation to any and all communications and meetings that you have had with the FDA with regard to Lipitor or any other statin drug.

4) To the extent not already requested, any and all documents written by you that relate to the Plaintiff's complaint attached to your Federal Subpoena.

(Exhibit C at 6–7.)

Pursuant to Fed. R. Civ. P. 45(c)(3)(B)(ii), the Court may quash a subpoena seeking testimony from an unretained expert, unless the subpoenaing party (a) shows a substantial need for the testimony that cannot be otherwise met without undue hardship; and (b) ensures that the subpoenaed person will be reasonably compensated. *Schering Corp. v. Amgen, Inc.*, 1998 WL 552944, *2 (D. Del. Aug. 4, 1998). The Court's discretion to allow such discovery is informed by: (1) the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony; (2) the difference between testifying to a previously formed or expressed opinion and forming a new one; (3) the possibility that, for other reasons, the witness is a unique expert; (4) the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify; and (5) the degree to which the witness is able to show that he has been oppressed by having to continually to testify. Fed. R. Civ. P. 45 advisory committee's note (citing *Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir. 1976)).

The balance of factors weighs in favor of denying discovery and quashing the subpoena. Nothing indicates that Dr. Golomb has any knowledge of facts relevant to Plaintiff's case. The subpoena requests a broad swath, if not the entire swath, of Dr. Golomb's research. This implies to the Court a request for Dr. Golomb's opinion on the basis of her research and not a request for Dr. Golomb's knowledge of facts relevant to the dispute.

     Moreover, Dr. Golomb provides substantial evidence that she would suffer undue burden if forced to testify and provide documents. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv) (allowing a court to quash or modify a subpoena that subjects a person to undue burden). Dr. Golomb has, throughout her career, avoided testifying as an expert in the hopes of keeping her research unbiased. (Golomb Decl.) Moreover, her research is publically funded and she could be forced to include her participation in this case when requesting future grants. This could negatively affect on Dr. Golomb's ability to receive public funding in the future.

     And most importantly, Dr. Golomb is not the only independently funded scientist who studies the adverse effects of statin drugs or biases in drug studies. (Golomb Decl. ¶ 6.) Plaintiff has the opportunity to obtain the same information from other sources. There is little reason why Dr. Golomb should be forced into providing her opinion as an expert witness. Plaintiff would not suffer undue hardship if forced to obtain the requested information from another source.

     The factors weigh in favor of denying Plaintiff's subpoena seeking testimony from an unretained expert. Dr. Golomb's motion to quash third party subpoena is therefore **GRANTED.**

**IT IS SO ORDERED.**

DATED: February 24, 2011

*(signature)*
**Honorable Janis L. Sammartino**
**United States District Judge**